**No. 26-2962**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

CAROLINE R. HOMAN, Individually, and on Behalf of the Class,

*Plaintiff-Appellee*,

*v.*

COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation, DOES 1 through 10, inclusive,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Eastern District of California

No. 1:25-cv-00296-JLT-SAB

The Honorable Jennifer L. Thurston

# APPELLANT'S OPENING BRIEF

ADAM J. KAISER
KATHY J. HUANG
DANIEL DUBIN
BROOKE H. BOLENDER
**ALSTON & BIRD LLP**
350 S. Grand Ave., 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Adam.Kaiser@alston.com
Kathy.Huang@alston.com
Daniel.Dubin@alston.com
Brooke.Bolender@alston.com

*Attorneys for Colonial Penn Life Insurance Company*

## TABLE OF CONTENTS

INTRODUCTION .......... 9
JURISDICTIONAL STATEMENT .......... 11
ISSUE PRESENTED .......... 13
STATEMENT OF THE CASE .......... 14
I. FACTUAL BACKGROUND .......... 14
A. Homan brought one UCL claim on a class-wide basis based on an alleged policy lapse and denial of benefits. .......... 14
B. Colonial Penn properly removed the case under CAFA .......... 15
C. The District Court remanded to state court Homan's request for injunctive relief under the UCL while retaining jurisdiction over the UCL claim .......... 15
D. This Court denied without prejudice Homan's motion to dismiss for lack of appellate jurisdiction. .......... 16
SUMMARY OF THE ARGUMENT .......... 18
STANDARD OF REVIEW .......... 21
ARGUMENT .......... 22
I. THE DISTRICT COURT'S REMAND OF A REMEDY WAS ERROR BECAUSE § 1447(c) AUTHORIZES REMAND ONLY OF THE ENTIRE "CASE." .......... 22
A. Section 1447(c) authorizes remand of only a "case." .......... 22
1. The Ninth Circuit has already rejected the remand of a remedy under § 1447(c). .......... 27
2. The Supreme Court and Ninth Circuit have construed § 1447(c) to require remand of the entire case, not individual claims. .......... 29
3. Injunctive relief is a remedy, not a standalone claim. 31
4. The weight of district court authority holds that a remedy cannot be remanded while the court retains jurisdiction over the underlying claim. .......... 31
5. The Remand Order's reliance on the *Davidson* dicta and *Machlan* is misplaced. .......... 33

B. The district court erred by exercising discretion it did not have in choosing partial remand as the “superior” method. 38

1. The district court weighed policy considerations that are properly left to Congress....................................... 40

C. Remanding a remedy separately from a case undermines CAFA’s objectives. .................................................................. 45

D. Remanding the injunction request violates California’s Primary Rights Doctrine. ...................................................... 48

II. TO PRESERVE THE ARGUMENT FOR FURTHER APPEAL, COLONIAL PENN ASSERTS THAT *RUIZ* WAS WRONGLY DECIDED AND THAT PRINCIPLES OF “EQUITABLE JURISDICTION” ARE NO LONGER RELEVANT. .................... 49

CONCLUSION ........................................................................................ 58

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brown v. Stroud*,
No. CV 08-2348 VRW, 2011 WL 13312050 (N.D. Cal. Jan. 28, 2011) .......... 31

*Cabral v. Supple, LLC*,
No. EDCV-12-00085-MWF-OP, 2016 WL 1180143 (C.D. Cal. Mar. 24, 2016) .......... *passim*

*Carnegie-Mellon University v. Cohill*,
484 U.S. 343 (1988) .......... 37, 38

*Carver v. Lehman*,
558 F.3d 869 (9th Cir. 2009) .......... 46

*Cates v. Allen*,
149 U.S. 451 (1893), *superseded by statute as stated in Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693 (Fed. Cir. 1990) .......... *passim*

*Cent. Va. Cmty. Coll. v. Katz*,
546 U.S. 356 (2006) .......... 34

*Charlong v. Home Depot USA, Inc.*,
No. 20-60380-CIV, 2020 WL 2988382 (S.D. Fla. June 4, 2020) .......... 46

*Chuang v. Dr Pepper Snapple Grp., Inc.*,
No. CV 17-1875-MWF(MRWX), 2017 WL 2463951 (C.D. Cal. June 7, 2017) .......... 32, 48

*Commonwealth Tr. Co. v. Reconstruction Fin. Corp*,
28 F. Supp. 586 (W.D. Pa. 1939) .......... 55, 56

*Commonwealth Trust Co. v. Reconstruction Finance Corp.*,
28 F. Supp. 645 (W.D. Pa. 1938) .......... 54, 55

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 33, 34, 35

*Entler v. Gregoire*,
872 F.3d 1031 (9th Cir. 2017) .......... 34

*Favell v. Univ. of S. California*,
No. CV 23-3389-GW-MARX, 2023 WL 4680357 (C.D. Cal. July 5, 2023) .......... 50, 57

*Fuentes v. Dish Network, LLC*,
No. 23-15865, 2024 WL 4234486 (9th Cir. Sep. 19, 2024) 12, 23, 27, 28

*Gomez v. Jelly Belly Candy Co.*,
No. EDCV1700575CJCFFMX, 2017 WL 2598551 (C.D. Cal. June 8, 2017) .......... 35

*Harper v. U.S. Seafoods LP*,
278 F.3d 971 (9th Cir. 2002) .......... 23

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) .......... 38

*Jama v. Immigration and Customs Enforcement*,
543 U.S. 335 (2005) .......... 47

*Kelley v. Colonial Penn Life Ins. Co.*,
No. 2:20-cv-03348-FLA (Ex), 2025 U.S. Dist. LEXIS 87524 (C.D. Cal. May 6, 2025) .......... 43

*Lee v. American National Insurance Co.*,
260 F.3d 997 (9th Cir. 2001) .......... 29, 30, 31, 39

*Lively v. Wild Oats Markets, Inc.*,
456 F.3d 933 (9th Cir. 2006) .......... 11, 17, 21

*Lopez v. Garland*,
116 F.4th 1032 (9th Cir. 2024) .......... 23

*Lutostanski v. Brown*,
88 F.4th 582 (5th Cir. 2023) .......... 24

*Machlan v. Procter & Gamble Co.*,
77 F. Supp. 3d 954 (N.D. Cal. 2015) .......... *passim*

*Mezzadri v. Med. Depot, Inc.*,
113 F. Supp. 3d 1061 (S.D. Cal. 2015)............................. 32, 33, 35, 36

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003)............................................................ 49

*Platt v. Moore*,
15 F.4th 895 (9th Cir. 2021) ............................................................ 23

*Ramos v. Navient Corp.*,
No. 2:26-cv-02607-SB-MAR, 2026 WL 1537265 (C.D. Cal. May 29, 2026)........................................................................................ 32

*Rubin v. Sullivan*,
928 F.2d 898 (9th Cir. 1991)............................................................ 24

*Ruiz v. The Bradford Exchange, Ltd.*,
153 F.4th 907 (9th Cir. 2025) .......................................... 49, 50, 57, 58

*Schlesinger v. Councilman*,
420 U.S. 738 (1975)........................................................................ 56

*SEC v. McCarthy*,
322 F.3d 650 (9th Cir. 2003)............................................................ 21

*Smith v. Mylan Inc.*,
761 F.3d 1042 (9th Cir. 2014)........................................................... 11

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013)........................................................................ 58

*Tenorio-Serrano v. Driscoll*,
324 F. Supp. 3d 1053 (D. Ariz. 2018)................................................ 35

*Torres v. Boyer*,
No. 21-CV-7865 (ER), 2022 WL 18284960 (S.D.N.Y. Dec. 30, 2022)............................................................................................... 46

*Twist v. Prairie Oil & Gas Co.*,
274 U.S. 684 (1927)................................................................ *passim*

*United States v. Dubilier Condenser Corp.*,
289 U.S. 178 (1933) ........................................ 40

*United States v. Lewis*,
67 F.3d 225 (9th Cir. 1995) ........................................ 22

*United States v. Rodgers*,
461 U.S. 677 (1983) ........................................ 46

*Wisconsin Department of Corrections v. Schacht*,
524 U.S. 381 (1998) ........................................ 29, 30, 31

*Xi v. INS*,
298 F.3d 832 (9th Cir. 2002) ........................................ 22

**STATE CASES**

*City of S. Pasadena v. Dep't of Transp.*,
29 Cal. App. 4th 1280 (1994) ........................................ 31

*Crowley v. Katleman*,
8 Cal. 4th 666 (1994) ........................................ 48

*Hamilton v. Asbestos Corp.*,
22 Cal. 4th 1127 (2000) ........................................ 48

*Spriestersbach v. Hawaii*,
No. CV 21-00456 - LEK-RT, 2025 WL 486782, at *2 n.2 (D. Haw. Feb. 12, 2025). ........................................ 37

*Traditional Equity and Contemporary Procedure*,
78 Wash. L. Rev. 429, 450–51(2003) ........................................ 52

**FEDERAL STATUTES**

28 U.S.C. § 1332 ........................................ 15, 45, 54, 58

28 U.S.C. § 1441 ........................................ 54

28 U.S.C. § 1447 ........................................ *passim*

**State Statutes**

Cal. Ins. Code § 10113 .......................................................................... 14

# INTRODUCTION

This appeal concerns a district court's authority to remand part of a claim. Not a case, nor even a claim really—but the remand to state court of the *remedy* of an injunction that is, according to plaintiff, not available in federal court.

Defendant Colonial Penn Life Insurance Company ("Colonial Penn") appeals from the district court's order adopting findings and recommendations in part and granting Plaintiff Caroline R. Homan's ("Homan") motion to remand in part ("Remand Order"). The Remand Order sent Homan's request for injunctive relief, a remedy, to state court while retaining jurisdiction over the same claim (and all other potential remedies) in federal court. As a result, while there was one class action filed by Homan, there are now by mitosis suddenly two—this one and the remanded one seeking an injunction.

Homan asserts a single claim under California's Unfair Competition Law ("UCL") on behalf of a putative class and seeks multiple forms of relief arising from that claim, including restitution and injunctive relief. It is undisputed that federal jurisdiction exists over the entire case under the Class Action Fairness Act of 2005 ("CAFA"). Yet,

without any authority, the district court sent Homan's request for injunctive relief to state court while retaining jurisdiction over her UCL claim and request for restitution and other relief in federal court.

In ordering a partial remand, the district court acted outside its authority. Only a *case* can be remanded under 28 U.S.C. § 1447(c). Not a claim, much less a remedy. No Ninth Circuit or Supreme Court decision authorizes a district court to partially remand a remedy. No statutory authorization exists either. Against that legal backdrop, the district court reasoned that a partial remand is a "better course" than a partial dismissal or denial of Homan's claim for injunctive relief. But this is not a matter of discretion. A district court simply has no authority for such an undertaking. Because the district court committed reversible error, Colonial Penn respectfully requests that the Remand Order be reversed in part, and that the entire action remain in federal court.

# JURISDICTIONAL STATEMENT

Appellate jurisdiction exists over this appeal from the Remand Order because the district court exceeded its authority to remand under § 1447(c).[1] *See Lively*, 456 F.3d at 938.

It is well established that appellate jurisdiction exists if a district court exceeds its authority to remand. *See id.*; *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("Despite [§ 1447(d)'s] broad language, § 1447(d) does not preclude review if the district court lacked authority to remand under § 1447(c) in the first instance."). Appellate jurisdiction therefore lies here to review the Remand Order because § 1447(c) limits remand to a "case," and the district court exceeded that authority by remanding only a remedy.

The Ninth Circuit has addressed this issue in an unreported

---

[1] Colonial Penn's basis for appellate jurisdiction is inextricably intertwined with its argument that the Remand Order requires reversal. Both issues turn on whether the district court exceeded its remand authority. Colonial Penn therefore directs the Court to the Argument section below, which explains in detail why appellate jurisdiction exists. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006) (explaining that appellate jurisdiction and the district court's remand authority were "inextricably intertwined" and therefore had to be considered together).

disposition. *See Fuentes v. Dish Network, LLC*, No. 23-15865, 2024 WL 4234486, at *2 (9th Cir. Sep. 19, 2024) (affirming denial of a remand request where there is no authority supporting that "remanding a remedy is proper procedure under § 1447(c)"). Yet, no reported opinion on this issue exists. The absence of controlling precedent on this legal question also underscores why this Court should review this appeal.

Because appellate jurisdiction exists to review a remand order that goes beyond what § 1447(c) authorizes—such as the partial remand of a remedy that occurred here—jurisdiction exists over this appeal.

## ISSUE PRESENTED

1. When a putative class action is properly removed under CAFA, may a district court subsequently split a claim by remanding one requested remedy of the claim to state court and retain the remainder of the same claim in federal court?

# STATEMENT OF THE CASE

## I. FACTUAL BACKGROUND

### A. Homan brought one UCL claim on a class-wide basis based on an alleged policy lapse and denial of benefits.

On February 4, 2025, Homan filed a putative class action in California state court. The lynchpin of the Complaint's is that Colonial Penn allegedly failed to provide 60-day grace periods on all policies, a written 30-day notice to owners and beneficiaries prior to any lapse or termination, and/or an annual right to designate a third party to also receive notices of pending lapse or termination of coverage, as required by California Insurance Code sections 10113.71 and 10113.72. (2-ER-227-29.) Homan did not plead multiple claims. (*See generally id.*) The Complaint asserts only a single UCL claim. (*Id.*) By that single claim, Homan seeks to certify a class of policyholders to obtain injunctive relief, restitution (money damages) or other relief, as well as attorneys' fees. (2-ER-225-29.) Thus, this case involves only *one* pleaded claim within *one* civil action, even though Homan sought multiple forms of relief on that claim.

### B. Colonial Penn properly removed the case under CAFA.

Colonial Penn removed the case under CAFA on the basis that this case is a class action in which the Complaint's proposed class exceeds 100 members, at least one member of the putative class is diverse from Colonial Penn, and the amount in controversy exceeds $5 million. (2-ER-200 (citing 28 U.S.C. § 1332(d)).) It is undisputed that the CAFA requirements were satisfied.

### C. The District Court remanded to state court Homan's request for injunctive relief under the UCL while retaining jurisdiction over the UCL claim.

On April 9, 2025, Homan filed her Motion to Remand. (2-ER-185.) Colonial Penn filed an opposition to the motion to remand. (2-ER-150.) On December 11, 2025, the Magistrate Judge denied in full, in a detailed and thoughtful opinion in accord with other district court opinions involving these claims, Homan's Motion to Remand. (2-ER-68.) The Magistrate Judge held that "it is undisputed that the Court has subject matter jurisdiction pursuant to CAFA," and that "the Court may exercise subject matter jurisdiction over the UCL claim notwithstanding that Plaintiff may not have standing to pursue her injunctive relief." (2-ER-86.) The Magistrate Judge further stated that "[t]he Court declines

Plaintiff's apparent invitation to split the injunctive relief remedy from the UCL claim by remanding that portion to state court." (*Id.*)

On April 15, 2026, the district court rejected the Magistrate Judge's reasoned opinion and issued an order adopting the findings and recommendations in part and granting the Motion to Remand in part. (1-ER-2-18.) The district court held that it "lacks subject matter jurisdiction to consider [Homan's] request for injunctive relief," but that it "does have subject matter jurisdiction over her remaining requests for relief, including her request for restitution." (1-ER-2.) The court further accepted Colonial Penn's waiver of its lack of adequate remedies-at-law defense such that the supposed lack of the court's "equitable jurisdiction" provided no basis for remand. (*Id.*) The district court then remanded the injunctive relief portion of the UCL claim to state court while retaining jurisdiction over the remainder of that same claim. (1-ER-18.) Colonial Penn timely filed a notice of appeal from the Remand Order. (3-ER-311.)

### D. This Court denied without prejudice Homan's motion to dismiss for lack of appellate jurisdiction.

On May 22, 2026, this Court *sua sponte* issued an order requesting that "[i]n addition to all other issues the parties wish to raise in their briefs, the parties must address whether this court has jurisdiction over

this appeal." (Order, Dkt. No. 4, citing *Lively*, 456 F.3d at 938.) On June 12, 2026, Homan filed a motion to dismiss the appeal for lack of appellate jurisdiction. (Mot. to Dismiss the Appeal, Dkt. No. 7.) Colonial Penn opposed the motion to dismiss. (Resp. to Mot. to Dismiss, Dkt. No. 8.) In opposing the motion to dismiss, Colonial Penn demonstrated that appellate review was not foreclosed by § 1447(d) and that *Lively* was directly on point because the Remand Order exceeded the district court's authority. (*See generally id.*) Homan filed a Reply. (Reply to Mot. to Dismiss, Dkt. No. 9.) After the motion was fully briefed, a motions panel denied the motion to dismiss without prejudice. (Order, Dkt. No. 12.)

## SUMMARY OF THE ARGUMENT

The district court erred when it exceeded its authority under § 1447(c) by remanding Homan's request for injunctive relief while retaining jurisdiction over the remainder of her sole UCL claim.

The district court's error is evident based on the straightforward text of § 1447(c). Section 1447(c) authorizes remand of a "case"; it does not authorize a district court to slice up a case and remand an individual remedy while retaining jurisdiction over the underlying claim. Because the district court undisputedly possessed subject matter jurisdiction over this action under CAFA, the case belonged in federal court in its entirety—even if not all remedies sought by Plaintiff were available in federal court.

By remanding a request for injunctive relief while retaining jurisdiction over the same underlying UCL claim, the district court erroneously reasoned that partial remand was the "superior method" over partial dismissal. But Section 1447(c) affords no authority or discretion to split a single claim or carve out a remedy for remand. The statute does not set forth a sliding scale or list of factors the district court must weigh in considering whether to remand a case, a specific claim or

a remedy. Rather, it simply does not allow for the remand of a remedy to create parallel proceedings in federal and state court concerning different forms of relief arising from one identical claim. That is the only plausible interpretation of the word "case" in § 1447(c).

The lower court's decision not only violates the plain terms of § 1447(c), but will result in two competing class actions, thus violating CAFA as well. That is, Colonial Penn has the statutory right under CAFA to litigate this class action in federal court; any remand, let alone of a remedy, that creates a parallel state court class action otherwise subject to federal jurisdiction under CAFA tramples on that right. As the Magistrate Judge and numerous other district courts have held in these cases, a plaintiff can file an *individual* claim in state court seeking injunctive relief. (2-ER-83-84.) But once a plaintiff opts to file a state court action as a class action that meets the CAFA elements for federal jurisdiction, CAFA applies and permits the defendant to remove *and litigate* the class action in federal court. That is, after all, CAFA's sole purpose.

Significantly, a plaintiff is the master of her own pleading. A plaintiff can seek to represent a class under Rule 23, but there is no

requirement to do so. Once Homan decided on her own volition to pursue relief on behalf of a class, rather than seek relief solely for herself, she triggered a legal regime governed by CAFA—just as Congress intended. That regime categorically allowed Colonial Penn to remove the case and litigate it in federal court. The fact that Homan and her counsel seek a class action settlement payday is no basis to rewrite CAFA.

In short, CAFA does not permit remand on the basis that the federal court will not provide a particular remedy. The result ought to be that, to the extent Homan really wants injunctive relief (and to be clear, she does so *only* to stay out of federal court, as a class cannot be certified in federal court under recent decisions by this Court as the district court noted (1-ER-16)), she may do so *for herself* in state court. But she cannot bring a class action in state court and plead away Colonial Penn's right to remove the case and litigate it in federal court under CAFA. The district court's decision is erroneous because it allows Homan to do just that. The Remand Order should therefore be reversed, and the entire case should proceed in federal court as a single action.

## STANDARD OF REVIEW

This Court reviews "*de novo* a district court's decision to remand a removed case." *Lively*, 456 F.3d at 938. This Court also reviews *de novo* a district court's interpretation and construction of a federal statute. *Id.*; *SEC v. McCarthy,* 322 F.3d 650, 654 (9th Cir. 2003).

# ARGUMENT

## I. THE DISTRICT COURT'S REMAND OF A REMEDY WAS ERROR BECAUSE § 1447(C) AUTHORIZES REMAND ONLY OF THE ENTIRE "CASE."

### A. Section 1447(c) authorizes remand of only a "case."

The district court exceeded its authority under § 1447 to remand Homan's request for injunctive *relief* contrary to the statute's plain meaning. "Canons of statutory construction dictate that if the language of a statute is clear, we look no further than that language in determining the statute's meaning." *United States v. Lewis*, 67 F.3d 225, 228 (9th Cir. 1995). A court cannot "choose to ignore the language of the statute . . . . Should Congress decide that differential treatment is in order, it can amend the statute, subject to constitutional considerations. But a decision to rearrange or rewrite the statute falls within the legislative, not the judicial, prerogative." *Xi v. INS*, 298 F.3d 832, 839 (9th Cir. 2002). The plain language of § 1447(c) is as clear as it gets. A district court can only remand a *case*. Not a claim, or a remedy, or anything else. Section 1447(c) plainly states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the* ***case*** *shall be remanded*." § 1447(c) (emphasis added). As this Circuit has

stated, "[i]f the plain language is clear, our inquiry is complete." *Lopez v. Garland*, 116 F.4th 1032, 1043 (9th Cir. 2024); *Harper v. U.S. Seafoods LP*, 278 F.3d 971, 975 (9th Cir. 2002) ("We again conclude that the plain text is controlling: 'if the language of a statute is clear, we look no further than that language in determining the statute's meaning.'") (citation modified). The plain meaning of § 1447(c) should end the inquiry.

Reversal is proper because the district court ignored the plain language of § 1447(c), employing instead a novel and unworkable judicial interpretation of the word "case," chopping it up into different pieces and allowing for partial remand based on a discrete fragment of the case—the remedy sought. That is, the court rewrote § 1447(c) from "the case shall be remanded" to say "the case *or part of a case or a potentially available remedy under a particular claim may* be remanded."

Not surprisingly, multiple circuit courts, including this one, have confirmed that a "case" for purposes of § 1447(c) means the *entire* case and not merely discrete claims or remedies. *See Platt v. Moore*, 15 F.4th 895, 909 (9th Cir. 2021) ("Section 1447(c) requires remand of the entire 'case' when jurisdiction is lacking, not of particular claims over which the court lacks jurisdiction."); *see also Fuentes*, 2024 WL 4234486, at *2;

*Lutostanski v. Brown*, 88 F.4th 582, 587-88 (5th Cir. 2023) ("First, § 1447(c) requires the court to remand the 'case,' not discrete claims.").

This makes sense. Any other interpretation of § 1447(c) would derogate the plain language of the statute, as well as Congress's deliberate decision to use the word "case." *See Xi*, 298 F.3d at 839 ("[A] decision to rearrange or rewrite the statute falls within the legislative, not the judicial, prerogative."); *Rubin v. Sullivan*, 928 F.2d 898, 900 (9th Cir. 1991) ("As the Supreme Court has stated: Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.") (citation modified). Had Congress intended for district courts to hack up cases and remand parts of them, creating out of a single case a mosaic of duplicative competing class actions, unseemly races to judgment, endless preclusion fights, judicial waste and heightened litigant expenses, all the while potentially resulting in inconsistent judgments, Congress would have surely made that clear.

Yet, the district court saw a gaping hole in the plain language where there is none, believing it discovered some unanswered question as to what a court should do when a defendant properly removes a case under CAFA and "the plaintiff has standing to pursue some of the remedies she

seeks, but not all of them." (1-ER-10.) The district court believed this was a novel question that somehow eluded judicial review for decades, noting that "neither the Ninth Circuit nor the Supreme Court has confronted this particular dispute." (*Id.*) But courts have not addressed this issue because there is no "dispute" to be reckoned with. The plain language of § 1447(c) is clear, and district courts cannot refuse to follow the statute's mandate by intentionally expanding the statute's scope through judicial legislating. Once a case is removed under CAFA, it must remain in federal court unless there is a statutory basis to remand the "case" or there exists a basis to abstain from jurisdiction. If a particular *remedy* sought by a plaintiff is unavailable in federal court, that is how the chips fall. That is a risk every plaintiff faces since CAFA was enacted in filing a suit seeking class treatment.

If Homan really believes she needs injunctive relief (even though such relief makes no sense here because the insured has already passed away and cannot do so again, there is no possibility she will be subject to the same alleged harms in the future, and as Homan's counsel well knows, Colonial Penn has already implemented procedures to fully comply with the statutes), she is at liberty to seek such relief in a

separate action in state court.[2] But once she seeks relief on behalf of a class, CAFA confers upon Colonial Penn the absolute right to remove and litigate the case in federal court, and § 1447(c) does not allow the district court to gut CAFA by remanding a remedy so that Homan can litigate in state court a class action that, under CAFA, must be litigated in federal court if Colonial Penn prefers to litigate there (which it does).

By disregarding the plain meaning of § 1447(c), the district court misapprehended the issue. It observed that neither the Supreme Court nor the Ninth Circuit has expressly decided whether a district court may remand an individual claim or remedy. (1-ER-9-10.) But that observation misses the point. The issue does not require judicial resolution because the statutory text resolves it. Section 1447(c) unambiguously authorizes the remand of a ***"case"*** and nothing else. *See*

---

[2] As noted by the district court, "Ms. Homan[] … does contend, however, that there is no true threat of a future harm that might give her standing to seek an injunction in a federal court … Her allegations bear out this assertion. She alleges that her husband intended to continue his life insurance coverage but passed away after inadvertently missing a payment, and she alleges that Colonial Penn denied her request for benefits based on its conclusion that her policy had lapsed … Nothing in the complaint suggests that a similar denial might occur again, so Ms. Homan has no standing to pursue an injunction to prevent one." (1-ER-9.) In this context, regardless of forum this case does not invite injunctive relief.

§ 1447(c) (expressly defining when a "case" may be remanded). When Congress's language is clear, courts must apply the statute as written, not search for additional authority confirming its plain meaning.[3] The plain language of § 1447(c) forecloses the remand of anything less than an entire case. That should be the beginning and end of the inquiry.

#### 1. The Ninth Circuit has already rejected the remand of a remedy under § 1447(c).

In the context of a California UCL claim as alleged here, a Ninth Circuit unreported disposition, *Fuentes*, *supra*, explicitly decided this partial remand issue, and rejected its viability precisely because there is no authority holding that "remanding a remedy is proper procedure under § 1447(c)." 2024 WL 4234486, at *2.

[3] The Remand Order establishes the rationale for the plain language of § 1447(c). The Remand Order would split the case into two forums with only one underlying claim. If the state and federal proceedings move forward in parallel, the parties will be forced to litigate overlapping issues in two courts simultaneously. Issues regarding class certification differ between the two courts. By the time a final federal judgment is entered, the remanded state court proceeding may already have advanced substantially or concluded. At that point, the harm caused by the split-forum approach—duplicative litigation, inconsistent rulings, and wasted party and judicial resources—will have already occurred. And Colonial Penn's rights under CAFA will have been obliterated, without recourse.

In *Fuentes*, the plaintiff appealed the district court's denial of his request to partially remand to state court his claim for a public injunction under the UCL. *Id.* at *1. The plaintiff in *Fuentes* conceded that he lacked standing to pursue injunctive relief in federal court, but he sought the same relief at issue here—a partial remand of a remedy. *Id.* at *2. The Ninth Circuit rejected that position, holding that "[e]ven if we assume that § 1447(c) permits remand of an individual claim instead of the full case . . . [Plaintiff] asks us not to remand individual claims, but a portion of a claim . . . Absent authority supporting his position that remanding a remedy is proper procedure under § 1447(c), [Plaintiff's] request for remand fails." *Id.* (citations omitted).

*Fuentes* is directly on point and instructive. Section 1447(c) affords the district court two options upon a motion to remand—remand the entire case or retain jurisdiction over it—a court cannot split a remedy or claim. *Fuentes*, along with the plain language of the statute, confirms that § 1447(c) does not authorize remand of a remedy, like an injunction, as opposed to the "case" itself.

### 2. The Supreme Court and Ninth Circuit have construed § 1447(c) to require remand of the entire case, not individual claims.

The district court cites *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 392 (1998), and *Lee v. American National Insurance Co.*, 260 F.3d 997, 1007 (9th Cir. 2001), for the proposition that the Supreme Court thought it was "conceivable" that the word "case" in § 1447(c) might refer to "a claim within a case as well as the entire case." (1-ER-11.)

But in *Schacht*, the Supreme Court explicitly held that an "ordinary reading" of § 1447(c) shows that it applies when "a federal court 'lacks subject matter jurisdiction' over a 'case,' and not simply over one claim within a case." 524 U.S. at 392. *Schacht* thus supports Colonial Penn's position. The district court misreads *Schacht* for the proposition that the Supreme Court suggested it was "conceivabl[e]" that the term "case" may include "a claim within a case." That was *not* the holding. In context, the Supreme Court stated that *even if* it was "conceivabl[e]" that the term "case" may include "a claim within a case," "neither reading helps Schacht. The former reading would make the provision inapplicable here; the latter would make it applicable, but requires remand only of the

relevant claims, and not the entire case as Schacht contends." *Id.* The statement was thus made merely to demonstrate that Schacht's argument failed even under the broader, erroneous reading. *See Schacht*, 524 U.S. at 392. It does not rebut, trump, or undermine the Supreme Court's stated holding that § 1447(c) applies only when "a federal court 'lacks subject matter jurisdiction' over a 'case,' and not simply over one claim within a case." *Id.*

Like the Supreme Court, the Ninth Circuit in *Lee* similarly held that "'a jurisdictional bar against particular *claims*, and not entire cases . . . should not deprive the district court of its otherwise proper jurisdiction over the action.'" 260 F.3d at 1003. *Lee* explicitly noted *Schacht*'s *a fortiori* point—that even if the broader interpretation of "case" were accepted, the party would still lose—holding that the Supreme Court in *Schacht* made clear "that the general remand statute, 28 U.S.C. § 1447(c), does not provide for a remand in the present circumstances" because even "[a]ssuming for the purpose of interpreting [§ 1447(c)] that the Eleventh Amendment bar to federal-court litigation of certain claims was 'a matter of subject-matter jurisdiction,' ***the Court construed § 1447(c) to mean that the case must be remanded only***

***if subject matter-jurisdiction is lacking over the entire case, and not over just some of the plaintiff's claims.*** *Id.* at 1006 (emphasis added) (quoting *Schacht*, 524 U.S. at 392).

Accordingly, the district court's reliance on *Schacht* and *Lee* was erroneous, as neither decision provides authority to remand anything less than an entire "case" under § 1447(c).

#### 3. Injunctive relief is a remedy, not a standalone claim.

The Remand Order is even more striking than the failed remand efforts in *Schacht* and *Lee* because the district court remanded a mere *remedy*. Injunctive relief is not a standalone cause of action under either California or federal law; it is a *remedy* attached to an underlying claim. *See Brown v. Stroud*, No. CV 08-2348 VRW, 2011 WL 13312050, at *5 (N.D. Cal. Jan. 28, 2011); *City of S. Pasadena v. Dep't of Transp.*, 29 Cal. App. 4th 1280, 1293 (1994). The district court thus remanded a remedy, an action no court has even come close to sanctioning.

#### 4. The weight of district court authority holds that a remedy cannot be remanded while the court retains jurisdiction over the underlying claim.

Numerous district courts in this Circuit have deemed the splitting of cases as occurred in the Remand Order unworkable and violative of §

1447(c), just as the Magistrate Judge here concluded. (2-ER-84-85.) *See, e.g., Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143, at *3 (C.D. Cal. Mar. 24, 2016) (holding that "[n]either the text of 28 U.S.C. § 1447(c) nor the policies underlying CAFA support such claim-splitting"); *Chuang v. Dr Pepper Snapple Grp., Inc.*, No. CV 17-1875-MWF(MRWX), 2017 WL 2463951, at *2 (C.D. Cal. June 7, 2017) (denying a motion to remand where the plaintiff sought to remand a particular form of relief, not a standalone claim because "[p]ermitting two very similar lawsuits to go forward—one suit in this Court for damages, and a second, otherwise identical, suit in Superior Court for an injunction—'would produce immense inefficiencies'"); *Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061, 1066 (S.D. Cal. 2015) (stating that "remanding solely a remedy is not a sound approach"); *Ramos v. Navient Corp.*, No. 2:26-cv-02607-SB-MAR, 2026 WL 1537265, at *3 (C.D. Cal. May 29, 2026) ("[N]othing in the remand statute purports to authorize the remand of individual claims or remedies."). These district courts acknowledged the obvious: § 1447(c) does not countenance this result, and the result sought by plaintiffs like Homan is unsound and inefficient.

The district court erred in breaking with the vast majority of courts and issuing an outlier decision.

Tellingly, the district court noted why other district courts have rejected the district court's approach, identifying at least five reasons why they have done so. (1-ER-12-16.) Most of the district court's decision is devoted to explaining why those five reasons lack merit. Hence, even by the district court's own count, its decision was an outlier. Respectfully, the avalanche of district court opinions relied upon by Colonial Penn, including the Magistrate Judge's opinion in this case, represent the correct application of law.

#### 5. The Remand Order's reliance on the *Davidson* dicta and *Machlan* is misplaced.

The district court here rejected the above cases and instead adopted dicta in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), and the maligned reasoning of *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015). *See Mezzadri*, 113 F. Supp. 3d at 1066 (considering the *Machlan* holding "unworkable").

In *Davidson*, the Ninth Circuit in a drive-by footnote refused to "resolve . . . whether severance and remand, as opposed to dismissal, is the appropriate option where standing is lacking for only some claims or

forms of relief," yet stated that "it bears noting that the end result is likely the same in any event[.]" 889 F.3d at 970 n.6. The dicta in *Davidson* is of no import or help to Homan here, for at least two reasons.

*First*, *Davidson* is irrelevant to the question at issue here. *Davidson* dealt with a motion to dismiss, not a motion to remand. *Id.* at 963. The dicta also ignores the absence of any statutory mechanism by which a district court can remand a claim or remedy—instead, only a "case" can be remanded. While it is understood that a case can be separated if a motion to *dismiss* is partially granted such that some claims are dismissed and some are not, it does not follow that a case can be separated through *remand*. Such a result is contrary to the plain language of § 1447(c) and CAFA jurisdiction. Congress made a deliberate policy choice to prohibit such separation in the remand context, which is absent in the dismissal context. *Davidson* thus has no bearing on the question at issue here.

*Second*, the Ninth Circuit's dicta does not constitute persuasive authority. *See Cent. Va. Cmty. Coll. v. Katz,* 546 U.S. 356, 363 (2006) ("[W]e are not bound to follow our dicta in a prior case in which the point now at issue was not fully debated."); *Entler v. Gregoire*, 872 F.3d 1031,

1042-43 n.21 (9th Cir. 2017) ("Even if it were Ninth Circuit dicta, we would not be bound to follow it."); *Tenorio-Serrano v. Driscoll*, 324 F. Supp. 3d 1053, 1062 (D. Ariz. 2018) (finding that the Ninth Circuit's unsupported dicta is not persuasive authority for plaintiff's position). The footnote dicta in *Davidson* solves nothing.

The Remand Order's reliance on *Machlan* is similarly flawed, if not even more so. *Machlan* also concerned a motion to dismiss, not a motion to remand, and is therefore unavailing for the same reason as *Davidson*. In any event, courts have outright rejected *Machlan* as unworkable and legally erroneous. *See e.g.*, *Gomez v. Jelly Belly Candy Co.*, No. EDCV1700575CJCFFMX, 2017 WL 2598551, at *2 n.2 (C.D. Cal. June 8, 2017) ("The court respectfully disagrees with the outcome of . . . [Machlan.]"); *Mezzadri*, 113 F. Supp. 3d at 1066 ("[T]he Court is convinced that remanding solely a remedy is not a sound approach. The logistics of splitting a remedy from the cause of action—and having solely a remedy in state court pending the outcome of a federal action—*is beyond the scope of this Court*.") (emphasis added).[4]

[4] The gamesmanship here is even worse than in *Mezzadri*. Unlike in *Mezzadri* where plaintiff agreed to stay the state court action,, Homan opposed staying the remanded state court action pending the outcome of

Moreover, as several courts have noted in coming to a different conclusion, *Machlan* failed to consider the primary rights theory. *See, e.g.*, *Mezzadri*, 113 F. Supp. 3d at 1066-67. Notably, *Machlan*'s reasoning for partial remand was that "[a]llowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity." *Machlan*, 77 F. Supp. 3d at 961. However, as the district court in *Cabral* noted, "Congress already considered the 'principles of fairness and comity' when it passed CAFA, and it is not for this Court to second-guess Congress's judgment." *Cabral*, 2016 WL 1180143, at *4 (explaining further "[f]or the Court to refuse to adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's

---

this action, instead serving discovery in the state court immediately after issuance of the Homan Decision, refusing to extend Colonial Penn's deadline to respond, and causing Colonial Penn to file an expedited motion to stay the state court action pending this appeal—which the district court granted. (Order Granting Colonial Penn's Motion to Stay Case Pending Appeals, Case No. 25-CVCV-0012348 (Cal. Sup. Ct., Mariposa Cty., July 22, 2026.) The unseemly race to judgment was on, as Homan's counsel sought to defeat (1) Colonial Penn's rights under CAFA to litigate class claims in federal court and (2) the district court's ability to litigate the UCL claim through a potentially preclusive first-obtained judgment in state court.

goal of providing a federal forum for class actions implicating interstate interests.").

Moreover, *Machlan* relied heavily on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), concluding it allowed the court to "order a remand rather a dismissal of the injunctive relief portions of plaintiff's claims." *Machlan*, 77 F. Supp. 3d at 961. But "*Carnegie-Mellon* was superseded on other grounds by amendments to Title 28 United States Code Section 1447(c)." *Spriestersbach v. Hawaii*, No. CV 21-00456 LEK-RT, 2025 WL 486782, at *2 n.2 (D. Haw. Feb. 12, 2025). Beyond that, *Carnegie-Mellon* is inapposite because the issue there was "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain." *Carnegie-Mellon University*, 484 U.S. at 345. An interesting question, to be sure—but one having nothing to do with the issue presented here or in *Machlan*.

Significantly, the Supreme Court in *Carnegie-Mellon* was clear that "[t]he remand power that we recognize today derives from the doctrine of pendent jurisdiction *and applies only to cases involving pendent claims*."

*Id.* at 355 n.11 (emphasis added). Since neither *Machlan* nor this case involve pendent claims, *Carnegie-Mellon* is irrelevant. Yet *Machlan* stretched the limited holding in *Carnegie-Mellon* beyond any reasonable limit, applying it to properly removed class action suits under CAFA having nothing to do with pendent claims or pendent jurisdiction. And *Carnegie-Mellon* had nothing to do with remanding remedies to state courts; the court in *Machlan* tortured the Supreme Court decision in suggesting otherwise.

### B. The district court erred by exercising discretion it did not have in choosing partial remand as the "superior" method.

On a motion to remand, the Court looks to whether it can exercise subject matter jurisdiction over the claims in a plaintiff's complaint after removal. *See* § 1447(c); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Here, it is undisputed that the district court has subject matter jurisdiction pursuant to CAFA. (1-ER-2.) Like here, the *Cabral* court noted that it had original jurisdiction over the action pursuant to CAFA. 2016 WL 1180143, at *2. The *Cabral* court continued, stating "[t]hat Plaintiff lacks standing to obtain injunctive relief [in federal court] neither changes that conclusion nor gives the

Court discretion to remand the entire action." *Id.* (citing *Lee*, 260 F.3d at 1006).

Although it had subject matter jurisdiction over Homan's single UCL claim, the district court weighed two alternatives: partial dismissal or partial remand. That analysis conflated jurisdiction over a claim with the availability of a remedy. Because the court had jurisdiction over Homan's single UCL claim, it had jurisdiction over the entire action. A ruling concerning the availability of a remedy does not justify a partial remand. The Remand Order rationalized that, under the circumstances, "[t]here appear to be only two possible courses of action . . . [t]he Court could dismiss the request for relief that goes beyond the Court's subject matter jurisdiction. That partial dismissal would be without prejudice to refiling in a state court. Alternatively, the Court could divide the UCL claim into two pieces—one piece that is tied to Ms. Homan's request for an injunction and another that is not—and remand only the request for injunctive relief." (1-ER-10; 1-ER-12 ("Although these observations are not binding, they do persuasively show why a partial remand is the *better course* than a partial dismissal.") (emphasis added); 1-ER-16 ("A partial remand appears unlikely to have any significant practical downsides in

comparison with a partial dismissal, so a partial remand is the superior method[.]").)

The district court acknowledged it was *not* required to issue a partial remand to address Plaintiff's lack of standing for injunctive relief. The district court's consideration of two alternatives confirms it elected to remand a portion of the claim based on its preference for partial remand as the "superior" method. But this discretion was exercised without any legal authority, thus constituting reversible error.

**1. The district court weighed policy considerations that are properly left to Congress.**

The district court went beyond its authority when it weighed partial dismissal against partial remand. Specifically, the Remand Order erroneously considered policy considerations and seemed to assert that it would be unfair for Homan to be deprived of a remedy if this case proceeds under CAFA. (*See, e.g.*, 1-ER-15-16.) That was erroneous for at least three reasons.

*First*, policy considerations are for the legislature and not for the courts. *See United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 198 (1933) ("[T]he courts ought not to declare any such policy; its formulation belongs solely to the Congress."). Nor do those considerations supply any

cognizable ground to remand the action in its entirety, where the statutory requirements for CAFA jurisdiction are otherwise satisfied.

*Second*, it was Homan's own pleading that dictated that result. *See Cabral*, 2016 WL 1180143, at *4 ("If a class action plaintiff . . . wishes to obtain injunctive relief that is not available in federal court, she must narrow her class to take it outside of CAFA's purview. Otherwise, she must proceed in federal court without the prospect of obtaining an injunction."). Homan is the master of her own Complaint. She chose to bring a putative class action, and she chose to bring a single claim for violation of the UCL. Her decisions gave the district court jurisdiction over the entire case under CAFA.

*Third*, and relatedly, no one is suggesting that Homan should be deprived of the ability to seek injunctive relief under substantive California law, as the district court suggested was the case.[5] She is free

[5] The district court stated: "Colonial Penn can argue that a federal court lacks power to grant Ms. Homan an injunction; it cannot make that assertion in a state court … The problem is not manipulation. The problem is the mismatch between what federal and state courts can do: a claim that a plaintiff could pursue in state court may not be one the plaintiff can pursue in this court." (1-ER-15.) But this misses the point and misstates the law. Homan is free to seek injunctive relief in state court. The issue is whether she can do so *as a class action* and make an

to seek such relief in state court—but only for herself. The district court treated the ability to seek relief on behalf of others as some form of substantive right, but it is not. It is a procedural right, granted by the Rules Enabling Act and Rule 23, and more specifically, the 1966 revision of Rule 23. The Federal Rules of Civil Procedure vary considerably from many states' procedural rules in important respects. But under the *Erie* doctrine, a removed case is subject to the federal rules, even if the state's procedural rules are more favorable to one party. No court would remand a case on the basis that a state's procedural rules are better for the plaintiff. But that's what happened here. Had the court dismissed any claim for injunctive relief at the appropriate time (Colonial Penn did not seek dismissal of any remedy)[6], Homan would have been forced to refile in state court if she truly believed injunctive relief was a viable claim under these circumstances.

end-run around CAFA, by having a federal court remand a remedy of a case that was properly removed.

[6] The district court recognized this was a viable path: "The Court could dismiss the request for relief that goes beyond the Court's subject matter jurisdiction. That partial dismissal would be without prejudice to refiling in a state court." (1-ER-10.)

And if she had yet again sought relief on behalf of a class, Colonial Penn would have properly removed it again under CAFA. That cycle would continue until Homan gave up or sought injunctive relief solely for herself. But Homan would not be stripped of her substantive right to seek injunctive relief. Her substantive right would remain unchanged. The only change would be the *procedural* architecture governing how the dispute would be litigated—as an individual claim or as a class action. That is no basis for remand, let alone of a remedy. A change of procedural rules is part of removing a case; it is not a basis for remand.[7] And that is especially true when the procedural rule is CAFA, where Congress

[7] In an effort to bolster this flawed argument, the district court referenced another case brought by Homan's attorneys against Colonial Penn, saying "the same attorneys who represent Ms. Homan in this case previously represented Ms. Kelley, whose claims against Colonial Penn ended when a different federal district court enforced a federal precedent that would not be binding in a state court." (1-ER-16.) But that is false. The case was dismissed based on the facts, more specifically, Ms. Kelley's deposition testimony. *Kelley v. Colonial Penn Life Ins. Co.*, No. 2:20-cv-03348-FLA (Ex), 2025 U.S. Dist. LEXIS 87524, at *7 (C.D. Cal. May 6, 2025) ("In her deposition, Plaintiff testified she found a less expensive replacement insurance policy and does not want her previous policy with Defendant to be reinstated . . . [thus] [t]he undisputed evidence establishes Plaintiff did not suffer any harm or damage from the cancellation of her policy."). Ms. Kelley's UCL claim was dismissed for the same reason. *Id.* at *10 (dismissing UCL claim because "[a]s stated, the undisputed evidence establishes Plaintiff has not suffered any economic injury.").

deliberately favored defendants in allowing non-resident defendants to remove class actions meeting minimal requirements to federal court. Yet the district court neutered CAFA by enabling Plaintiff to pursue a class action in state court that Colonial Penn has by dint of CAFA a federal right to litigate in federal court.

The district court by the same token also reasoned that "both a partial dismissal and a partial remand are likely to lead to the same result in most circumstances: two similar cases pending simultaneously in state and federal courts." (1-ER-13.) That is half true. Yes, a partial dismissal would lead to two cases if Homan filed an individual non-class suit seeking injunctive relief (which she would not do, because as the district court noted there is no need for injunctive relief, and there is no money for plaintiff's counsel filing a non-class action). And no, the cases would not be "similar." The federal action would be a class action; the state action would not. That makes the two cases very different. The court's failure to recognize that lies at the heart of its flawed analysis.[8]

---

[8] As yet another flaw, the district court recognized that, if there were two pending class actions, "the outcomes [in each] might … be different." (1-ER-13.) Yet the district court seem unfazed by the myriad problems that would lead to.

### C. Remanding a remedy separately from a case undermines CAFA's objectives.

The Remand Order cannot be reconciled with CAFA. CAFA was designed to permit out-of-state defendants to remove class actions to federal court. Congress had the plenary power to make that decision, and did so. Yet, the district court blamed Colonial Penn for exercising its statutory rights, noting that "[a]fter all, the plaintiff originally sought to litigate her claims in just one forum, i.e., the state court, and it was the defendant's choice to remove the case to the federal court, despite the federal court's more limited subject matter jurisdiction." (1-ER-14.) The district court, in fact, referred to CAFA removal as "forum shopping." (1-ER-16.)

In so ruling, the district court seemed to imply that defendants should be deprived of their removal rights under CAFA unless there is perfect symmetry between the subject matter jurisdiction of the state and federal courts. Congress, of course, could have required some form of symmetry as a condition to CAFA removal. It did not. It instead provided three limited bases to remand cases under CAFA, the local controversy exception (§ 1332(d)(4)(A)), the home state exception (§ 1332(d)(4)(B)), and the discretionary home state exception (§ 1332(d)(3)), neither of

which applies here. Congress was surely aware when CAFA was enacted that some remedies may be available in state court that are not available in federal court. Congress could have provided a basis to remand a claim or remedy in such situations. It did not. That means something. *See e.g.*, *Carver v. Lehman*, 558 F.3d 869, 876 n.13 (9th Cir. 2009) ("The canon of construction *expressio unius est exclusio alterius* stands for the proposition that, when the legislature provides a list of related items, it impliedly means to exclude other items not listed."). This basic canon of construction is regularly applied in interpreting procedural rules related to removals and remand. *See, e.g.*, *Charlong v. Home Depot USA, Inc.*, No. 20-60380-CIV, 2020 WL 2988382, at *2 (S.D. Fla. June 4, 2020); *Torres v. Boyer*, No. 21-CV-7865 (ER), 2022 WL 18284960, at *2 (S.D.N.Y. Dec. 30, 2022).

As the Supreme Court explained in *United States v. Johnson*, "[w]hen Congress provides exceptions in a statute, it does not follow that courts have authority to create others. The proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth." 529 U.S. 53, 58 (2000); *accord United States v. Rodgers*, 461 U.S. 677, 701 (1983) ("No exception of the sort carved out

by the Court of Appeals appears on the face of the statute, and we decline to frustrate the policy of the statute by reading such an exception into it."); *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply[.]"). Here, CAFA contains three express remand provisions based on the constituency of the class; there is no provision allowing remand based on the plaintiff's inability to obtain a particular remedy in federal court. Under the bedrock canons of statutory construction discussed above, the district court erred in remanding a portion of this action based on a principle outside of CAFA.

As the Central District of California articulated in *Cabral*, a plaintiff, should she choose to bring a class action that meets the CAFA requirements, must do so without the prospect of injunctive relief unavailable under federal common law. This is because:

> Congress already considered the "principles of fairness and comity" when it passed CAFA, and it is not for this Court to second-guess Congress's judgment. For the Court to refuse to adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's goal of providing a federal forum for class actions implicating interstate interests. The only alternative is to proceed in federal and state courts simultaneously, but as the Court already explained, such claim-splitting would

> produce immense inefficiencies. If a class action plaintiff, therefore, wishes to obtain injunctive relief that is not available in federal court, she must narrow her class to take it outside of CAFA's purview. Otherwise, she must proceed in federal court without the prospect of obtaining an injunction.

*Cabral*, 2016 WL 1180143, at *4. That a plaintiff cannot seek injunctive relief in federal court does not counsel in favor of the district court exceeding its congressionally and constitutionally approved powers.

### D. Remanding the injunction request violates California's Primary Rights Doctrine.

The district court's ruling, moreover, unnecessarily pits state law against federal law and creates major federalism concerns. California has a long-held doctrine that forbids precisely what the district court did here. California's primary rights doctrine is a rule against splitting a cause of action. *Crowley v. Katleman*, 8 Cal. 4th 666, 682 (1994); *Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127, 1146 (2000). Severing injunctive relief from a UCL claim—like the district court did here—thus violates the primary rights doctrine. *See Chuang*, 2017 WL 2463951, at *2 (citation omitted) ("Plaintiff seeks to remand a particular form of relief, not a standalone claim. Permitting two very similar lawsuits to go forward . . . would also violate California's primary rights doctrine[.]"); *see also Cabral*, 2016 WL 1180143, at *3.

## II. TO PRESERVE THE ARGUMENT FOR FURTHER APPEAL, COLONIAL PENN ASSERTS THAT *RUIZ* WAS WRONGLY DECIDED AND THAT PRINCIPLES OF "EQUITABLE JURISDICTION" ARE NO LONGER RELEVANT.

The district court ruled in Colonial Penn's favor that, under the framework established in *Ruiz v. The Bradford Exchange, Ltd.*, 153 F.4th 907 (9th Cir. 2025), Colonial Penn could waive any requirement that Homan had to plead there was no adequate remedy at law to cure any issue with the court exercising "equitable jurisdiction" over her claims. (1-ER-16-17.) The court then *sua sponte* delved into abstention principles, though neither party briefed the issue and abstention appears to be irrelevant—and an issue caused only by the district court's error in remanding a remedy, creating the two duplicative suits in the first place.

Colonial Penn recognizes that *Ruiz* is binding on this Court. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). But respectfully, *Ruiz* is erroneous and hence Colonial Penn includes this section of the brief to preserve the argument for further review.

The lack of purported "equitable jurisdiction" cannot deprive a district court of subject matter jurisdiction under CAFA. In *Ruiz*, the Ninth Circuit relied upon *Cates v. Allen*, 149 U.S. 451 (1893), *superseded by statute as stated in Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696

(Fed. Cir. 1990), and *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), to hold that "the Supreme Court long ago indicated that remand to state court was a permissible response to a lack of equitable jurisdiction." *Ruiz*, 153 F.4th at 913. But *Cates* and *Twist* predate the merger of law and equity in 1938, and that change in the legal landscape has mooted the issues addressed in *Cates* and *Twist*.

In its brief to the district court, Colonial Penn argued that *Cates* and *Twist* no longer have relevance after the merger of law and equity. (2-ER-172-73, *citing Favell v. Univ. of S. California*, No. CV 23-3389-GW-MARX, 2023 WL 4680357, at *2 (C.D. Cal. July 5, 2023) ("On reply, Plaintiffs also rely heavily on *Cates v. Allen*, 149 U.S. 451, 460 (1893) and *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 689-90 (1927) for the proposition that where a district court lacks equitable jurisdiction over a claim, it must remand. But as 2U points out, *those cases predate the merger of courts of law and equity*.") (emphasis added)).)

Before the merger of law and equity, there were two separate divisions where cases could be heard, one in law and one in equity. (2-ER-168.) The distinction between those two divisions was "rigidly maintained." (*Id., citing* Bernard E. Gegan, *Claim Preclusion and*

*Reformation of Contracts: New York CPLR 3002(D)*, 70 St. John's L. Rev. 539, 554–55 (1996) ("Although the original Judiciary Act of 1789 vested both legal and equitable jurisdiction in federal courts, a division of function was rigidly maintained. An action had to be brought on either the 'law side' or the 'equity side' of the court. No joinder of equitable claims with legal claims was permitted, nor were equitable defenses allowed on the law side.").)

*Cates* and *Twist* wrestled with the issues of the day—*e.g.*, what would happen if a case was filed in the equity division but a legal remedy existed, and how a court would hear cases if both equitable and legal claims were brought in a single suit. *Cates*, 149 U.S. at 459; *Twist*, 274 U.S. at 692. Such questions implicated the Seventh Amendment because there were no jury trials in the equity division. *Cates*, 149 U.S. at 459 (noting the Court could not "unite legal and equitable claims in the same action, which cannot be allowed in the practice of the courts of the United States, in which the distinction between law and equity is matter of substance and not merely of form and procedure. And as the ascertainment of the complainants' demand is by action at law, the fact that the chancery court has the power to summon a jury on occasion

cannot be regarded as the equivalent of the right of trial by jury secured by the Seventh Amendment.”).[9]

The issues addressed in *Cates* and *Twist* were mooted in 1938. Congress passed the Rules Enabling Act (28 U.S.C. §§ 2071–2077) that granted the Supreme Court the authority to create and amend general rules of practice and procedure, and rules of evidence, for the federal courts. The Supreme Court enacted those rules, which were presented to Congress, and without objection became the Federal Rules of Civil Procedure effective in 1938.

[9] *See also* Thomas O. Main, *Traditional Equity and Contemporary Procedure*, 78 Wash. L. Rev. 429, 450–51(2003) (“The federal courts tried cases at law and suits in equity within a ‘temple of justice … [metaphorically] constructed with a partition extending from the foundation to the roof.’ Federal judges thus alternately played the role of common law judge or of chancellor. Suits in equity were decided in accordance with the principles and practice of equity jurisdiction as established in the High Court of Chancery in England. The test of equitable jurisdiction long has been whether the law courts could provide ‘plain, adequate and complete’ relief. Whenever a court of law was competent to take cognizance of a right and had the power to proceed to a judgment that afforded plain, adequate and complete relief, the plaintiff had to proceed at law because, inter alia, the defendant had a right to a trial by jury, which was available only in the law courts. Courts of equity thus steadily refused to entertain jurisdiction of actions where the law courts both recognized a right and offered a remedy.”)

Two rules are especially pertinent here: Rules 2 and 18(a). The distinction between law and equity, requiring two separate law and equity divisions of the district courts, was abolished by those Rules. Rule 2 states that "[t]here is one form of action—the civil action." Rule 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Hence, Rules 2 and 18 promulgated by the Supreme Court merged law and equity, so there would be a single form of action in which all claims—legal and equitable—could be asserted together.

As noted by the Federal Judicial Center, eleven years after *Twist* was decided, "[t]he Federal Rules of Civil Procedure, which became effective in 1938, provided for 'one form of action,' thereby abolishing the formal distinction between law and equity."[10] With the two divisions merged, there was no longer any need for courts to struggle over which division any particular case should be heard, or whether the equity part of the court had "equitable jurisdiction" to hear the case if there was an

[10] *See* Federal Judicial Center, Rules: Pre-1934 Rulemaking, available at https://www.fjc.gov/history/work-courts/rules-pre-1934-rulemaking.

adequate legal remedy available in the law division, or whether cases improperly filed in the equity part needed to be dismissed or transferred.

Congress ratified this understanding when it recodified the jurisdictional statutes in 1948. In the original diversity statute, jurisdiction extended to "all suits of a civil nature, at common law or in equity." The Judiciary Act, § 11, 1 Stat. 73 (Sep. 24, 1789). When Congress enacted 28 U.S.C. § 1332 as part of the 1948 recodification, it deliberately substituted the phrase "all civil actions" for the earlier "at common law or in equity" language, specifically "in order to conform to Rule 2 of the Federal Rules of Civil Procedure." *See* Revision Notes to 28 U.S.C. § 1332 (1948). Congress made the identical substitution in the removal statute, 28 U.S.C. § 1441, replacing prior references to suits "at law or in equity" with "civil action": in line with Rules 2 and 81(c). *See* Revision Notes to 28 U.S.C. § 1441 (1948). By removing the law and equity distinction from the jurisdictional statutes, Congress confirmed that, in the post-merger federal system, the distinction between legal and equitable proceedings no longer has jurisdictional significance. A court cannot re-import a distinction that Congress affirmatively removed.

Significantly, federal courts immediately recognized the mootness of these issues in 1938. In *Commonwealth Trust Co. v. Reconstruction Finance Corp.*, 28 F. Supp. 645, 646 (W.D. Pa. 1938), for example, a party sought to "transfer this case to the law side of this court, urging as a reason for such transfer, that the plaintiff has a plain, adequate and complete remedy at law." That is, there was no equitable jurisdiction to hear the case in the equity division. That was a legitimate motion in the pre-merger era of *Cates* and *Twist*. But while this motion to transfer was filed before the merger of law and equity and adoption of the Federal Rules of Civil Procedure, it was not heard by the court until after the merger took place. *Id.* at 648. Because the Rules applied immediately, the court held that "it [wa]s unnecessary to make any order for the transfer of the case to the law side of the court, for the case will now proceed as a civil action under the new rules, subject to the ruling of the court that the complaint presents no ground for the granting of equitable relief." *Id.*

The court in *Commonwealth* recognized that following the merger, "any discussion in the instant case as to whether he should be on the law side or the equity side of the court, would seem to be idle" because "[t]he

Federal statutes relating to actions brought on the wrong side of the court and to equitable defenses and equitable relief are superseded, as there is now only a 'civil action' in which all relief must be obtained that could formerly have been secured at 'law; or in 'equity.'" *Commonwealth Tr. Co. v. Reconstruction Fin. Corp*, 28 F. Supp. 586, 589-90 (W.D. Pa. 1939). As a result, a party "cannot set up the distinction between an action at law or in equity to defeat the jurisdiction of this court; and that we will now proceed with the case to determine what, if any, relief, the plaintiff is entitled to." *Id.* at 590 (emphasis added). Federal courts have followed this path since 1938.

Now the invocation of equitable jurisdiction in modern federal practice is merely a species of remedial discretion rather than a true jurisdictional concept. When courts today speak about their equitable powers, they refer to their authority to fashion remedies or to consider the balance of hardships before granting equitable relief. *See Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) ("There remains the question of equitable jurisdiction, a question concerned, not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but

with whether consistently with the principles governing equitable relief the court may exercise its remedial powers.").

Not surprisingly, it is black-letter law that the concept of equitable jurisdiction is no longer a bar to subject matter jurisdiction:

> Traditionally, a court of equity lacked jurisdiction over a complaint unless no adequate legal relief was available to plaintiff, and a court of equity was required to dismiss a suit if the plaintiff had an adequate legal remedy. After the enactment of former Equity Rule 22 in 1912 (repealed 1937), the court was required to transfer such a suit to the law side of the court rather than dismiss it. . . . *The merger of law and equity under the Rules allows a federal court to exercise both legal and equitable jurisdiction concurrently. As a result, the court's jurisdiction over an equitable claim does not generally depend on the lack of an adequate legal remedy unless the court lacks subject-matter jurisdiction over the legal claim.*

1 *Moore's Federal Practice* § 2.03[2] (3d ed. 2025) (emphasis added).

In short, *Cates* and *Twist* that form the basis of *Ruiz* simply no longer have relevance with the merger of law and equity. *See, e.g., Favell*, 2023 WL 4680357, at *2 ("On reply, Plaintiffs also rely heavily on *Cates* . . . and *Twist* . . . for the proposition that where a district court lacks equitable jurisdiction over a claim, it must remand. But as 2U points out, those cases predate the merger of courts of law and equity.") (emphasis added). CAFA also forecloses the use of equitable jurisdiction as a basis for remand. It provides that the district courts "shall have

original jurisdiction" over qualifying class actions. 28 U.S.C. § 1332(d)(2). Congress specified the only circumstances under which a district court may decline CAFA jurisdiction. The absence of equitable jurisdiction from the enumerated exceptions is dispositive, and a court may not create additional bases by importing pre-merger equitable concepts that Congress never included. *See also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592-94 (2013) (emphasizing CAFA's mandatory jurisdictional grant and the limited nature of its exceptions).

For these reasons, Colonial Penn does not believe that equitable jurisdiction permits a federal court to decline jurisdiction when original jurisdiction has been properly invoked under CAFA, leaving it to the defendant to waive that defense in order to stay in federal court. At the same time, under the *Ruiz* framework that currently governs, the district court properly allowed Colonial Penn to waive any purported "equitable jurisdiction" defense, meaning that the case ought to remain in federal court.

## CONCLUSION

This Court should partially reverse the Remand Order such that Homan's Motion to Remand be denied in its entirety and the action

remains in federal court, without prejudice to Homan to file a new case in state court.

DATED: September 21, 2026

**ALSTON & BIRD LLP**

*/s/Kathy J. Huang*

Adam J. Kaiser
Kathy J. Huang
Daniel Dubin
Brooke H. Bolender
*Attorneys for Defendant-Appellant*
Colonial Penn Life Insurance Company

## CERTIFICATE OF COMPLIANCE

This Opening Brief complies with the typeface and type-style requirements of Rules 32(a)(5)(A) and (6) of the Federal Rules of Appellate Procedure because it has been prepared using Microsoft Word in 14-point, Century Schoolbook font. Pursuant to Federal Rule of Appellate Procedure 32(a)(7), this Opening Brief does not exceed 14,000 words. This Opening Brief has 10,334 words.

DATED: September 21, 2026

**ALSTON & BIRD LLP**

*/s/ Kathy J. Huang*

Kathy J. Huang

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I caused the foregoing Opening Brief to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit using the Court's CM/ECF system. I further certify that on the same day, I caused the Opening Brief to be served via email on counsel for Plaintiff, as follows:

Jack B. Winters, Jr.
Sarah Ball
Joselia D. Flores
**WINTERS & ASSOCIATES**
8489 La Mesa Boulevard
La Mesa, CA 91942

Attorneys for Plaintiff
CAROLINE R. HOMAN, Individually and on behalf of the Class

Tel: (619) 234-9000
Fax: (619) 750-0413
Emails:
jwinters@singletonschreiber.com
sball@einsurelaw.com
joseliaf@einsurelaw.com

Craig M. Nicholas
Alex Tomasevic
Jake W. Schulte
**NICHOLAS & TOMASEVIC, LLP**
225 Broadway, 19th Floor
San Diego, CA 92101

Attorneys for Plaintiff
CAROLINE R. HOMAN, Individually and on behalf of the Class

Tel: (619) 325-0492
Fax: (619) 325-0496
Emails: cnicholas@nicholaslaw.org
atomasevic@nicholaslaw.org
jschulte@nicholaslaw.org

Michelle M. Meyers
Christopher R. Rodriguez
Andrew D. Bluth
**SINGLETON SCHREIBER, LLP**
1414 K Street, Suite 470
Sacramento, California 95814

Attorneys for Plaintiff
CAROLINE R. HOMAN, Individually and on behalf of the Class

Tel.: (916) 248-8478
Fax: (619) 255-1515
Emails:
crodriguez@singletonschreiber.com
abluth@singletonschreiber.com
mmeyers@singletonschreiber.com

DATED: September 21, 2026

**ALSTON & BIRD LLP**

*/s/ Kathy J. Huang*
Kathy J. Huang